### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**VENUS PENDLETON**                                                                                           **PLAINTIFF**

**VS.**                                                                              **CAUSE NO. 3:23-cv-364-KHJ-MTP**

**MICHAEL AULETTA**                                                                                          **DEFENDANT**

### NOTICE OF REMOVAL

Defendant, Michael Auletta, through undersigned counsel appearing specially to preserve any and all defenses, whether affirmative or otherwise, hereby files his Notice of Removal of this cause from the First Judicial District of the Circuit Court of Hinds County, Mississippi to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof shows the following:

#### STATEMENT OF THE CASE

1. On May 11th, 2023, Plaintiff, Venus Pendleton, filed a civil suit in the First Judicial District of the Circuit Court of Hinds County, Mississippi, naming Mr. Michael Auletta as the sole Defendant. Said suit is styled and numbered on the general docket of the Hinds County Circuit Court as follows:

> *VENUS PENDLETON V. MICHAEL AULETTA*; In The Circuit Court of Hinds County, Mississippi, First Judicial District; Cause No. 23-cv-1378.

A copy of all state court filings is attached collectively as "**Exhibit 1**."

2. On October 19, 2022, Plaintiff and Defendant were involved in an automobile accident on Interstate 55 in Hinds County, Mississippi. Plaintiff subsequently filed suit on May 11th, 2023, alleging that Defendant negligently caused the accident, and seeking, among other things, damages for past, present and future medical expenses, pain and suffering, lost wages and emotional distress, loss of household services, and property damages. [Ex. 1 at pg. 3 (¶8)].

3.  After filing suit on or about May 11th, 2023, Defendant Auletta was served with service of process on or about May 25th, 2023.

4.  As further detailed below, this matter is properly removed to this Court based on Diversity Jurisdiction, because the parties are citizens of different states — Plaintiff, resident of the State of Mississippi, and Defendant, a resident of the State of Arkansas — and the amount in controversy exceeds the jurisdictional minimum of $75,000.

5.  Accordingly, Defendant has satisfied the procedural requirements for removal and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441.

### REMOVAL PROCEDURE, JURISDICTION AND VENUE

6.  This Court has jurisdiction over this matter and this matter is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7.  This matter is removed from the Circuit Court of Hinds County, Mississippi, and therefore this Court, the United States District Court for the Southern District of Mississippi, Northern Division, is the proper venue for this matter. U.S.C. § 1446(a).

8.  This Notice of Removal is both proper and timely pursuant to 28 U.S.C. § 1446 because it is filed within thirty (30) days from when Defendant was served with process.

### DIVERSITY JURISDICTION

9.  "Federal courts have diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the parties are citizens of different states." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 313 (5th Cir. 2022) (citing 28 U.S.C. § 1332). Under 28 U.S.C. § 1441 "'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal district court." *Norman v. Geico Ins.*, 479 F. Supp. 3d 336, 340 (S.D. Miss. 2020) (quoting 28 U.S.C. § 1441).

10. Accordingly, this Court has Diversity Jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as the parties are of entirely diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### I. Diversity of Citizenship

11. "To properly allege diversity jurisdiction under 28 U.S.C. § 1332, a party must allege 'complete diversity,' which means that 'all persons on one side of the controversy must be citizens of different states than all persons on the other side.'" *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Here, the citizenship of the parties are completely diverse — Plaintiff is domiciled in Mississippi and Defendant is domiciled in Arkansas.

12. At all relevant times, Plaintiff is an adult resident of Crystal Springs, Copiah County, Mississippi. [Ex. 1 at pg. 1 (¶1)]. At all relevant times, Defendant Auletta is an adult resident of the State of Arkansas, and resides at 13 Pinecrest Lane, Maumelle, Arkansas. *Id.* at pg. 1 (¶2).

13. Because Plaintiff and Defendant Auletta are the only named parties and are residents of different states — Mississippi and Arkansas, respectfully — the diversity of citizenship requirement set by 28 U.S.C. § 1332 is satisfactorily met. *See Smith, 978 F.3d at 281*.

### II. Amount in Controversy

14. The removing party can meet its burden of establishing that the amount in controversy exceeds the jurisdictional amount in one of two ways: (1) by establishing that it is 'facially apparent' that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Guijarro*, 39 F.4th at 314 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

15. When the amount in controversy is not quantified in the Complaint, "'[p]re-suit demand letters may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000.'" *Love v. Chester's Diesel, LLC*, No. 4:16-CV-00179-DMB-JMV, 2017 U.S. Dist. LEXIS 52044, at *9 (N.D. Miss. Apr. 5, 2017) (quoting *Molina v. Wal-Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008)).

16. Here, the amount in controversy is not facially apparent based on Plaintiff's Complaint. Rather, the amount in controversy is established by <u>Plaintiff's $250,000.00 settlement demand</u> submitted to Defendant's insurance provider prior to filing suit. *Id.*[1]

17. On January 23, 2023, Plaintiff sent an open-ended settlement demand to Defendant's insurer stating that she had incurred $27,709.54 in medical expenses related to the subject accident. *See* [Ex. 2 at pg. 2 (Plaintiff's demand letter)].

18. On March 2, 2023, while negotiating her claims, Plaintiff made a settlement demand for $250,000.00. [Ex. 3 at 2-3 (Settlement Negotiation Email Correspondence)]. Twelve (12) days later, Plaintiff's counsel reaffirmed the $250,000.00 demand on March 14, 2023. *Id.*

19. After her $250,000.00 settlement demand was rejected, Plaintiff filed her Complaint against Defendant Auletta on May 11th, 2023, seeking the following damages:

> past, present, and future medical expenses; past, present, and future loss of wages or wage-earning capacity; property damage; loss of household services; disfigurement; impairment; disability; and past, present, and future pain and suffering and resulting emotional distress and mental anguish and the loss of enjoyment of life.

[Ex. 1 at p. 2 (¶7)].

---

[1] *See also Toney v. State Farm Lloyds*, 661 F. App'x 287, 290 (5th Cir. 2016) (finding the amount in controversy to be satisfied based on a pre-suit, settlement demand letter); *Cole v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011) (citing *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000) (finding a $125,000 settlement demand an "other paper" that evidenced the amount in controversy to be satisfied); *Allen v. Bulk Logistics, Inc.*, 485 F. Supp. 3d 691, 696 (S.D. Miss. 2020) (stating that an "email constitutes a valid 'other paper,'" and that a settlement demand can support removal).

20.     Though the amount in controversy is not facially apparent on the Complaint, the Plaintiff's $250,000.00 pre-suit settlement demand sufficiently establishes that the amount in controversy exceeds the $75,000 jurisdictional minimum. "[C]ourts routinely rely on attorney demand letters as evidence that the amount in controversy exceeds the jurisdictional minimum." *Carter v. Welsh*, No. 3:22-CV-330-DPJ-FKB, 2022 U.S. Dist. LEXIS 149909, at *4 (S.D. Miss. Aug. 22, 2022).; *Toney*, 661 F. App'x at 290; *Cole*, 416 F. App'x at 440.

21.     In sum, Plaintiff's Complaint, along with her claimed medical expenses of $27,709.54 and her $250,000.00 settlement demand clearly satisfies the amount in controversy requirement pursuant to U.S.C. § 1332(a).

## CONCLUSION

Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being served upon Plaintiff/Plaintiff's Counsel and is also being filed with the Clerk of the Circuit Court of Hinds County, Mississippi. Also, a copy of the entire state court record will be timely filed with this Court pursuant to Local Uniform Civil Rule 5(b).

Pursuant to this Notice and the provisions of 28 U.S.C. § 1446, there should be no further proceedings in the First Judicial District of the Circuit Court of Hinds County, Mississippi.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Michael Auletta requests this Court to properly assume full jurisdiction over this matter as provided by law and retain jurisdiction over this matter.

Respectfully submitted, this the 6th day of June 2023.

                                    CARROLL BUFKIN, PLLC


                                    */s/ Brady Mitchell*
                                    M. Brady Mitchell (MSB # 105547)
                                    *Submitted on behalf of Defendant, Auletta.*

OF COUNSEL:

Mark C. Carroll (MSB# 8665)
Brady Mitchell (MSB# 105547)
CARROLL BUFKIN, PLLC
1076 Highland Colony Parkway
600 Concourse, Suite 125
Telephone: 601.982.5011
Facsimile: 601.853.9540
bmitchell@carrollbufkin.com

**CERTIFICATE OF SERVICE**

I, Brady Mitchell, hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record, and have also delivered a true and correct copy of the foregoing to the following:

Paul V. Ott, Esq. BAR # 8742
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Ste. 200
Jackson, MS 39211
pott@forthepeople.com
*Attorney for Plaintiff*

This the 6th day of June 2023.

/s/ Brady Mitchell
BRADY MITCHELL